653 A.2d 1217

COMMONWEALTH of Pennsylvania, Appellee,

v.

Kevin Lee ZIMMICK, Appellant.

Supreme Court of Pennsylvania.

Argued March 9, 1994.

Decided Jan. 23, 1995.

550

John A. Knorr, for appellant.

John J. Driscoll, Dist. Atty., Leslie J. Uncapher, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

CASTILLE, Justice.

Appellant raises two issues on appeal to this Court from the judgment of the Superior Court affirming the judgment of sentence by the trial court 431 Pa.Super. 624, 631 A.2d 219. The first issue is whether there was sufficient evidence to support appellant's conviction for driving a motor vehicle while his license was suspended as a result of a conviction for driving under the influence ("DUI") where appellant alleges that the Commonwealth failed to prove that he received actual notice of the suspension where the Pennsylvania Department of Transportation (PennDOT) sent notice of his suspension to an expired address. The second issue is whether appellant is estopped from asserting a lack of notice defense on Penn-DOT's failure to mail his notice to his current address where appellant himself failed to provide PennDOT with his current address as required by 75 Pa.C.S. § 1515. For the reasons expressed below, we affirm the order of the Superior Court affirming appellant's judgment of sentence.

Following a trial de novo in the Court of Common Pleas of Westmoreland County, the trial court convicted appellant of driving while his license was suspended as a result of a DUI offense.[1] The evidence at trial established that previously on June 1, 1990, appellant pleaded guilty and was convicted of driving under the influence.[2] At the time of his plea, the trial court advised him that his license would be suspended.[3] Per a certified copy of PennDOT's notice of suspension, appellant's license was indeed suspended for one year effective July 10, 1990, as mandated by 75 Pa.C.S. § 1532(b). PennDOT mailed the one-year suspension notice by first class mail on July 10, 1990, to appellant's address of record, 600 H Deborah Jane Drive, Pittsburgh, Pennsylvania, which, unbeknownst to Penn-

1. 75 Pa.C.S. § 1543(b).
2. 75 Pa.C.S. § 3731.
3. Appellant testified that the trial court informed him that his license would be suspended for at least a month and that PennDOT would inform him in writing how long the suspension would last. N.T. 1/23/92 p. 13.

DOT, was an expired address. There was no evidence that the notice was ever returned to PennDOT as undeliverable.

Approximately five months later, on November 13, 1990, a police officer stopped appellant for a broken light. The officer testified that at the time of his stop, appellant was unable to produce a driver's license. He therefore conducted a check on appellant and learned that appellant's license had been suspended for one year as a result of the prior DUI conviction. The officer also testified that as he began to issue a citation (for a violation of 75 Pa.C.S. § 1543(b)), appellant asked him not to do so because he did not want to go to jail.[4] Despite appellant's plea, the officer proceeded with the issuance of the citation, which gave rise to the conviction presently challenged by appellant.

Appellant testified in his own behalf and admitted that at the time he was stopped he did not have a valid driver's license and that he had not had a valid driver's license for several years. Appellant also testified that he knew his license was suspended at the time the officer stopped him, but claimed that it had been suspended because of speeding, reckless driving, and accumulation of points, not because of his DUI conviction.[5] When appellant was first questioned regarding whether the sentencing court had advised him during his guilty plea for his DUI offense that his license would be suspended for one year, appellant first stated that he had been so advised. He then immediately changed this statement to say that the sentencing court had stated only that his license would be suspended for a month and that PennDot would notify him by mail of how long his license would be suspended beyond the one month period.[6]

4. N.T. at p. 5. The penalty for driving while a license is suspended as a result of a DUI offense is a mandatory term of ninety days imprisonment. 75 Pa.C.S. § 1543(b).

5. Under 75 Pa.C.S. § 1539, where a person has accumulated a total of eleven points or more, their license shall be suspended. Appellant's certified driving record was presented at trial; however, there was nothing discussed nor any point raised during the trial regarding appellant's driving record to indicate that his license was suspended because of points, as appellant testified.

6. N.T. at p. 13.

Appellant further testified that he never specifically notified PennDOT of his change of address [7] although he had notified the post office. Appellant asserted that he never saw Penn-DOT's written notice of the suspension even though the post office had forwarded other mail to appellant from his expired address. However, he admitted that he never received notice that his license, which he knew had been suspended for *some* period of time, was eligible for restoration.

After convicting appellant of driving while his operating privilege was suspended in connection with a DUI offense, the trial court found that the evidence, and the reasonable inferences therefrom, sufficiently demonstrated that appellant had actual notice of his suspension despite the fact that the evidence revealed that PennDOT's notice of suspension had been sent to an expired address, and even though the Commonwealth did not prove that appellant actually received a copy of PennDOT's written notice of suspension. The trial court further found that, notwithstanding the lack of evidence demonstrating actual receipt of the PennDOT notice by the appellant, appellant was nevertheless estopped from arguing lack of notice based upon PennDOT's mailing of the notice to an expired address. The trial court found that PennDOT's failure to send the notice to a current address and appellant's alleged failure to receive such notice was solely because of appellant's own failure to apprise PennDOT of his current address in dereliction of his statutorily mandated duties under 75 Pa.C.S. § 1515.

Following a denial of appellant's post-trial motions challenging the sufficiency of the evidence, the trial court sentenced

7. All licensed drivers are required by statute to notify PennDOT of a change of address within fifteen days of relocation of one's domicile per 75 Pa.C.S. § 1515, which provides:

**Notice of change of name or address**

Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person.

appellant to ninety (90) days incarceration and a fine of $1,000. The Superior Court affirmed the judgment of sentence.

## I. *Sufficiency of Evidence*

In examining a challenge to the sufficiency of the evidence, it is well established that an appellate court must determine whether the evidence was sufficient to enable the jury to find every element of the crime charged beyond a reasonable doubt, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner. *Commonwealth v. Thomas,* 527 Pa. 511, 594 A.2d 300 (1991). Viewed under this standard, we find that the Commonwealth amply demonstrated that appellant had actual notice of his suspension.

75 Pa.C.S. § 1543 provides in pertinent part:

1543. Driving while operating privilege is suspended or revoked.

* * * * * *

(B) CERTAIN OFFENSES.—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked ... because of a violation of section ... 3731 [driving under the influence of alcohol or controlled substance], upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

In *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975), this Court held that the Commonwealth also must prove that the defendant had actual notice that his license had been suspended or revoked in order for a conviction under this statute to stand.[8]

8. In *Kane,* we reversed the judgment of sentence because the evidence relied upon by the Commonwealth to support its position that the defendant had notice of his suspension was simply that PennDOT had mailed a notice of suspension to an address, which, as a result of a typographical error by PennDOT, differed from the address the defendant had provided to PennDOT. This Court held that the evidence that the notice of suspension was mailed, given the facts of *Kane* in and of

■ Appellant claims that the Commonwealth did not meet its burden of proof because it failed to establish that PennDOT sent the notice of suspension to the correct address or that he received the written notice. Appellant urges this Court, in essence, to find that absent such proof, the finder of fact cannot find that the accused had actual notice of his suspension. However, lack of evidence that a written notice of suspension was sent to a defendant's current address or received by the accused does not, as appellant suggests, demonstrate *per se* that a person did not have actual notice.[9] For the Court to adopt this bold argument would require that a finder of fact literally ignore a wealth of other factors which may also serve to demonstrate that a defendant had actual notice of a license suspension, many of which are present in this case.

■ Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing

itself, was insufficient to prove beyond a reasonable doubt that the defendant had actual notice of his suspension. Here, contrarily, PennDOT mailed the notice of suspension to the address appellant had provided to it; however, because appellant failed to comply with his statutory duty under 75 Pa.C.S. § 1515 to notify PennDot of his change of address, PennDot mailed the notice of suspension to an expired address. Additionally, unlike *Kane*, there are numerous other factors in this matter demonstrating actual notice.

9. Obviously, were we to accept appellant's argument, which we do not, a defendant automatically would be able to avoid a conviction simply by moving after his or her initial DUI conviction and then claiming that PennDOT mailed the suspension notice to the wrong address. The licensee could then continue to drive with a suspended license without fear of conviction if caught. A licensee could also give PennDOT a fictitious address. The *per se* holding appellant urges upon us would open the door to potential abuse by drivers seeking to avoid detection and arrest for driving while a license is suspended. For the reasons discussed herein, we reject this position as there is an array of other factors that can be considered by a court in determining whether a defendant had actual notice regardless of whether he or she received written notice by PennDOT. *See Commonwealth v. Hardcastle*, 519 Pa. 236, 250, 546 A.2d 1101, 1107–1108 (1988), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990) ("[c]ircumstantial evidence may be sufficient to prove any element, or all the elements of a crime").

apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt. *See, e.g., Commonwealth v. Dietz,* 423 Pa.Super. 366, 370–71, 621 A.2d 160, *appeal denied,* 535 Pa. 634, 631 A.2d 1007 (1993) (driver's flight from crash site and misleading conduct demonstrated that driver knew he was not permitted to drive; driver's failure to produce a driver's license is presumptive knowledge of suspension).

■ In this matter, there was sufficient evidence to demonstrate that appellant had actual notice that his license was suspended at the time he chose to drive without it in November of 1990. The Commonwealth proved that appellant pleaded guilty to the underlying DUI offense giving rise to his license suspension; that the DUI offense had a sentence of a mandatory one year license suspension which if violated, required imprisonment; that at the time appellant pleaded guilty he was informed by the trial court that his license would be suspended as a result of his DUI conviction; [10] that he never received a notice informing him that his license was eligible for restoration; that at the time appellant was stopped in November of 1990, appellant was aware that he had not had

10. The DUI offense to which appellant pleaded guilty had a mandatory license suspension of one year. The trial court found appellant would have been advised of this penalty during his sentencing for the DUI conviction. Trial Court Op. at 3. Appellant does not dispute this finding by the trial court. Rather, appellant bases his challenge of lack of actual notice solely on his alleged failure to obtain written notice of the suspension from PennDot. As discussed herein, the mere fact appellant may have not received a written notice of a suspension from PennDOT is not dispositive of his claim. Moreover, the trial court found appellant's testimony regarding his alleged lack of receipt of the notice highly suspect in view of the fact that other mail had been forwarded to his present address from his former address. *Id.* at p. 3–4.

a valid driver's license for years; and that at the time the officer proceeded to give him a citation for a § 1543(b) violation, appellant asked him not to do so because that would mean he would have to go to jail.[11] Viewing this evidence and the reasonable inferences therefrom, we find that the trial court had ample evidence upon which to find that appellant had actual notice that his license was suspended for his prior DUI conviction at the time he was stopped by the officer for a vehicle equipment violation.

## II. *Waiver of Defense Based Upon PennDot's Notice*

Appellant also challenges in his appeal the trial court's ruling that appellant is estopped from basing his lack of notice defense on PennDOT's failure to mail his notice to his current address since he failed to provide PennDOT with his correct address as required by 75 Pa.C.S. § 1515.[12] Here, according to appellant's testimony, approximately three to four years before the charged offense in the instant matter, appellant moved from the address of record relied upon by PennDOT to send the suspension notice. Appellant, however, failed to notify PennDOT of his correct address within fifteen days of his relocation as required by the laws of this Commonwealth even though he had been notified at his guilty plea that PennDOT was going to send him a written notice of suspension. As a result of appellant's disregard of his statutory

11. There is no penalty of imprisonment for driving while your license is suspended for a non-DUI offense (e.g., accumulation of points) for first-time offenders. 75 Pa.C.S. § 1543(a). Rather, the penalty for a § 1543(a) offense at the time appellant was stopped was only a $200.00 fine. In the event of a second or subsequent conviction for a violation of § 1543, however, a person shall be sentenced to pay a minimum fine of $200.00 and/or a term of imprisonment for not more than six months. 75 Pa.C.S. § 6503 (Subsequent convictions of certain offenses). There is nothing in the record that indicates that appellant was subject to the recidivist statute applicable to non DUI offenses so as to warrant his fear of going to jail when the officer stopped him. The reasonable inference made by the trial court was that appellant's fear of incarceration arose from his knowledge that he was driving while his license was suspended for a DUI conviction, which carried a mandatory incarceration term.

12. *Supra.* at n. 7.

duty, PennDOT mailed appellant's suspension notice to appellant's address of record.

 Although notice of suspension remains a necessary element for the motor vehicle code violation of driving while one's operating privilege is suspended or revoked, a defendant's failure to notify PennDOT of a correct address or a change of address as he is required to do by statute precludes him from arguing that he did not receive PennDOT's notice because such notice was sent to an incorrect or expired address.[13] *See Commonwealth v. McDonough,* 533 Pa. 283, 288, 621 A.2d 569, 572 (1993) (wherein this Court affirmed the Superior Court ruling that the failure to notify PennDOT of a change of address pursuant to 75 Pa.C.S. § 1515 precluded a motorist from relying on the defense of insufficient notice of suspension from PennDOT). To hold otherwise would provide a defendant with a windfall for his disregard of this Commonwealth's laws.

 Appellant claims that his inability to argue that he did not receive notice of his suspension because PennDOT sent a notice of suspension to his incorrect address violates due process. In order to properly allege a violation of due process, a claimant must, at a minimum, demonstrate prejudice. *Commonwealth v. Glass,* 526 Pa. 329, 339, 586 A.2d 369, 374 (1991); *Commonwealth v. Williams,* 520 Pa. 558, 555 A.2d 95 (1989). Appellant fails to meet this threshold requirement. Our review of the record reveals that at no time did the trial court preclude appellant from raising such a defense; to the contrary, the trial court specifically heard evidence from ap-

13. Obviously, as discussed *supra,* a defendant may argue he did not receive notice where PennDOT, through no fault of the accused, fails to send the notice to the address provided to it by the accused. *Commonwealth v. Kane, supra.* n. 8. We note that in an exercise of caution, the trial or sentencing court should always inform the defendant that a § 3731 violation carries with it a mandatory sentence of one year license suspension. The court should further advise in cases where the notice of suspension is sent by PennDOT to the defendant's current address of record with PennDOT that it is incumbent upon the defendant to ensure that PennDOT has the defendant's current address. Otherwise, the defendant/suspendee waives the defense of lack of notice based upon the failure to *receive* PennDOT's written notice.

pellant on the issue and proceeded to find that appellant had actual notice of his suspension regardless of whether Penn-DOT's written notice was sent to the correct address. The trial court also seriously questioned the credibility of appellant that he had not received the notice from PennDOT. (Trial Court op. at p. 4). Hence, having had the opportunity to present his defense based upon no written notice from Penn-DOT regardless of his failure to inform it of his new address, he suffered no prejudice. We agree with the trial court's finding that the evidence was sufficient for appellant's conviction regardless of PennDOT's notice procedure; thus, appellant was not deprived of due process of law.

We must emphasize that driving is not a property right; rather it is a privilege.[14] To obtain the benefit of such a privilege, a driver must abide by the laws of the Commonwealth relating to the privilege. So long as driver's license holders notify PennDOT of their current address in accordance with their statutory duty, the lack of notice defense based on the failure to receive a PennDOT suspension of notice remains available.[15]

Our legislature enacted the Motor Vehicle Code to protect the public safety, to provide a uniform system and code of law regulating the use and operation of motor vehicles and to aid in efficient administration of the licensing procedures by the Department of Transportation. The maintenance of accurate records of all licensed drivers and registered vehicles in the Commonwealth is essential to such administration. Whether possession of a driver's license is labeled a privilege or a right, certain responsibilities are imposed upon its possessors. The statutory duty to apprise PennDOT of a change of name or address is not such an arduous measure or responsibility to impose upon the possessor of a driver's license in this Com-

14. *Plowman v. Department of Transp., Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993), *citing, Maurer v. Boardman,* 336 Pa. 17, 7 A.2d 466 (1939), *aff'd sub nom., Maurer v. Hamilton,* 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1940).

15. *See supra,* n. 13.

monwealth.[16] Appellant here, as in *McDonough,* must accept fault for PennDOT's inability to provide him with its written notice of suspension. Despite having been apprised that PennDOT would send such a notice, he chose not to notify PennDOT of his correct mailing address. PennDOT cannot be found to be delinquent in its responsibility to provide a suspendee with a written notice of a license suspension where PennDOT's failure to do so is a result of the suspendee's failure to fulfill or comply with his statutory responsibility to apprise the department of a correct address.

Accordingly, the order of the Superior Court affirming appellant's conviction for driving while operating privilege was suspended or revoked related to a DUI offense is affirmed.

ZAPPALA, J., filed a concurring opinion.

PAPADAKOS and CAPPY, JJ., concurs in the result.

MONTEMURO, J., is sitting by designation.

ZAPPALA, Justice, concurring.

I concur in the result reached today by the majority but write separately to reiterate my position. In *Commonwealth v. McDonough,* 533 Pa. 283, 621 A.2d 569 (1993), I joined in Mr. Justice Flaherty's Opinion in Support of Reversal and concluded that a defendant must have actual knowledge of suspension of his driver's license prior to being convicted of driving under suspension, 75 Pa.C.S. § 1543(a). My position is founded upon a longstanding constitutional principle that waiver of an important constitutional right must be knowing and voluntary. Since the violation of § 1543(a) could result in imprisonment, definitely a loss of liberty, due process requires actual notice of suspension as an element of the offense. *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975).

16. *See Department of Transp., Bureau of Traffic Safety v. Warenczuk,* 534 Pa. 623, 633 A.2d 1167 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1854, 128 L.Ed.2d 478 (1994), *opinion in affirmance upholding,* 143 Pa.Commw. 696, 599 A.2d 1024 (1991) ("Fulfillment of a statutory duty to apprise the department of a change of address is not so onerous a protective measure for the right or privilege of driving that it cannot be required. . . .").

When there is doubt that the notice was mailed to the correct address, proof of mailing is insufficient evidence to establish beyond a reasonable doubt that a defendant had actual notice of a suspension. *McDonough,* supra. (*See* also *Commonwealth v. Warenczuk,* 534 Pa. 623, 633 A.2d 1167, Opinion in Support of Reversal.) The failure to notify the Commonwealth of a change of address, in my mind, does not result in a forfeiture of a constitutionally protected due process right. Accordingly, I cannot accept the majority's analysis in this case.

However, I agree with the result reached by the majority because sufficient evidence was offered from which the trier of fact could conclude beyond a reasonable doubt that the Appellant had actual knowledge that his driver's license had been suspended. Accordingly, the trial court verdict must be upheld.