J-S05012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL VINCENT SCHOONOVER, | |
| Appellant | No. 800 MDA 2015 |

Appeal from the Judgment of Sentence Entered April 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-SA-0000009-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:    **FILED MARCH 24, 2016**

For the following reasons, I would conclude that the evidence was insufficient to prove that Appellant received actual notice of his license suspension.  Accordingly, I respectfully dissent.

Essentially, the Commonwealth's evidence regarding notice amounted to proof that PennDOT mailed the notice to Appellant's correct address, which is insufficient under **Commonwealth v. Kane**, 333 A.2d 925, 926 (Pa. 1975), and its progeny.  The only additional evidence the trial court cites to support that actual notice was provided is the fact that the notice was not returned as undeliverable or unclaimed.  The Majority agrees with

_____

[*] Retired Senior Judge assigned to the Superior Court.

the trial court that this one additional fact renders the evidence sufficient to prove actual notice.

I disagree. In the case relied upon by the Majority, **Commonwealth v. Zimmick**, 653 A.2d 1217 (Pa. 1995), our Supreme Court held that the defendant received actual notice of his license suspension, observing that, "[t]here was no evidence that the notice was ever returned to PennDOT as undeliverable." **Zimmick**, 653 A.2d at 1219. However, the Court also emphasized various other circumstances not present in Appellant's case. For instance, Zimmick had been informed by the trial court, at the time he pled guilty to driving under the influence of alcohol, that his license would be suspended. **Id.** Zimmick also did not have a license in his possession when he was stopped by a police officer after his suspension began, and he indicated his knowledge of the suspension by asking that the officer not "issue a citation … because he did not want to go to jail." **Id.** (footnote omitted). Additionally, Zimmick took the stand at his trial for driving with a suspended license "and admitted that at the time he was stopped, he did not have a valid driver's license and that he had not had a valid driver's license for several years. [Zimmick] also testified that he knew his license was suspended at the time the officer stopped him…." **Id.**

Unlike in **Zimmick**, Appellant was in possession of his license when stopped by Trooper Glentzer. N.T. Trial at 7 (Trooper Glentzer's testifying that Appellant possessed what appeared to be a valid driver's license at the time of the traffic stop). This fact bolsters Appellant's lack of notice defense.

- 2 -

*See Commonwealth v. Dietz*, 621 A.2d 160, 162 (Pa. Super. 1993) (holding "that in order for a person to invoke the defense that there was no notice of the suspension or revocation of the license, at a minimum it must be established at trial, that a current driver's license was produced at the time of the offense, or within 15 days thereafter, as provided in 75 Pa.C.S.A. [§] 1511"). Moreover, Appellant did not make any statements during the traffic stop, or at trial, indicating his knowledge of the suspension. Indeed, Trooper Glentzer testified that Appellant stated that he did *not know* his license was suspended, and Appellant acted surprised when told of that fact. Appellant also did not behave in any manner that suggested he was aware that he was not permitted to drive. *See Zimmick*, 653 A.2d at 1221 (stating the fact finder may consider "attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt"); *Contra Dietz*, 621 A.2d at 162 (finding actual notice satisfied where, *inter alia*, Dietz's conduct indicated he knew he was not permitted to drive, as Dietz fled from the scene of a traffic accident and then claimed his wife was driving when police questioned him); *Commonwealth v. Baer*, 682 A.2d 802, 806 (Pa. Super. 1996) (concluding actual notice was proven where there was evidence that the notice was mailed to Baer's correct address, Baer "admitted receiving the letter which notified her that her operator's privilege would be suspended if she did not comply with the requirements

- 3 -

set forth in the letter[,]" and Baer "paid the fines" outlined in the notice, but "failed to take the steps necessary to restore her driving privileges").

In sum, I disagree with the Majority's suggestion that **Zimmick** permits us to conclude, under the specific circumstances of this case, that the evidence was sufficient based only on the fact that the notice was mailed to Appellant's correct address and it not returned as undeliverable. I would instead hold that the trial court committed an error of law by deeming this evidence sufficient, and I would reverse Appellant's judgment of sentence.