J. A20043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEREMY MICHAEL HARNER, | : | No. 295 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 4, 2017,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-SA-0000338-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 19, 2017**

Jeremy Michael Harner appeals the judgment of sentence of the Court of Common Pleas of Luzerne County where the trial court found him guilty of driving while his operating privilege was suspended or revoked[1] and sentenced appellant to pay fines plus court costs.  After careful review, we affirm.

The record reflects that, on August 4, 2016, appellant was operating a motor vehicle in Butler Township, Luzerne County when Officer Anthony Martine ("Officer Martine") executed a traffic stop on the basis that

---

[1] 75 Pa.C.S.A. § 1543(a).

appellant was speeding.[2]  Officer Martine also issued the citation for driving with a suspended license.

A magisterial district judge convicted appellant of driving with a suspended license.  Appellant appealed to the trial court.  On January 4, 2017, the trial court conducted a ***de novo*** trial.  Officer Martine testified regarding the basis for the traffic stop.  Officer Martine further testified regarding his initial conversation with appellant when he reached his vehicle:

> Upon making contact with [appellant] and speaking with him, he had informed me that he had missed some payments on previous fines that he had accumulated that was [sic] not in reference to this stop.  [Appellant] had also stated to me that his license was not valid.  I proceeded to go back to my patrol car.  I was able to pull up what magistrate's office that he owed fines to, and I was able to provide him with that information.  I issued a citation without any further incident.

Notes of testimony, 1/4/17 at 3-4.

Officer Martine emphasized that appellant made him aware that his license was suspended at the time of the stop.  (***Id.*** at 5.)  Officer Martine also identified appellant's driving record which indicated numerous suspensions in the past and which was placed into evidence.  (***Id.***)  Officer Martine further testified that he provided appellant with the location and telephone number of the magistrate's office where he owed fines from previous citations, and appellant called that office in Officer Martine's

---

[2] Although appellant was issued a citation for speeding, that citation is not before this court on appeal.

presence. On cross-examination, Officer Martine did not recall whether appellant provided him with a driver's license or not, but he reiterated that appellant told him that his license was suspended. (*Id.* at 7-8.)

Appellant testified that he provided Officer Martine with his driver's license but did not tell him the license was suspended. In fact, appellant testified that he thought the fine was paid and his license was valid. (*Id.* at 9.) At the conclusion of the trial, the trial court found appellant guilty and levied the sentence set forth above.

Appellant contends that there was not sufficient evidence at trial to support that appellant was aware that his driver's license had been suspended when Officer Martine stopped him. (Appellant's brief at 3.)

> A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In that case, our Supreme Court set forth the sufficiency of the evidence standard:
>
> > Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light

> most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 528 Pa. 558, 599 A.2d 630 (1991).

> ***Id.*** at 319, 744 A.2d at 751.

***Commonwealth v. Morgan***, 913 A.2d 906, 910 (Pa.Super. 2006).

Section 1543(a) of the Vehicle Code, entitled "Driving while operating privilege is suspended or revoked" provides as follows:

> **(a)  Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

In ***Commonwealth v. Kane***, 333 A.2d 925 (Pa. 1975), our Pennsylvania Supreme Court held that it was necessary for the Commonwealth to establish that the operator was aware that his license was suspended in order to prove a conviction under the predecessor statute to 75 Pa.C.S.A. § 1543(a), 75 P.S. § 624.  Although Section 1543(a) does not state that actual notice of the suspension is required, our supreme court has held that actual notice remains an essential element for a conviction.  ***See Commonwealth v. Zimmick***, 653 A.2d 1217 (Pa. 1993).

Appellant argues that he did not tell Officer Martine that his license was suspended until he spoke with the magistrate's office after Officer Martine provided him with the magistrate's telephone number. Appellant ignores the fact that Officer Martine testified that appellant told him that his license was suspended when he stopped him.[3] This testimony established that appellant was aware that his operator's license was suspended when he was stopped for speeding. The trial court did not commit an error of law when it determined that the evidence was sufficient to convict appellant.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017

---

[3] Though credibility is normally not part of a sufficiency challenge, this court notes that the trial court explicitly found Officer Martine credible.