J-S16013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ROBERT SHOCK | : | |
| | : | |
| Appellant | : | No. 1617 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 28, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004340-2017

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                 **FILED: MAY 20, 2019**

James Robert Shock appeals from the judgment of sentence imposed on August 28, 2018, in the Court of Common Pleas of York County, following his jury conviction of one count of driving under the influence — highest rate of alcohol, fourth offense (DUI).[1]  The trial court then convicted him of one count each of driving under suspension — DUI related (DUS) and driving on roadways laned for traffic.[2]  The court sentenced him to 15¼ to 60 months' imprisonment.  On appeal, Shock challenges the sufficiency of the evidence underlying his conviction for DUS.  Based upon the following, we affirm.

_____

[1] 75 Pa.C.S.A. § 3802(c); we note that the Commonwealth *nolle prossed* a second count of DUI, 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. §§ 1543(b)(1.1)(i) and 3309(1), respectively.

We take the underlying facts and procedural history in this matter from the trial court's November 30, 2018 opinion and our independent review of the certified record.

> On July 7, 2017, at approximately 1:41 a.m., Officer Joshua Poplin of the Southwest Regional Police Department conducted a traffic stop after observing [Shock] driving north in the southbound lane on Seven Valleys Road in North Codorus Township, York County. When Officer Poplin made contact with [Shock], he detected an aroma of alcoholic beverage on his breath. Officer Poplin later observed that [Shock's] speech was slurred and his eyes were glassy and bloodshot. After [Shock] failed multiple field sobriety tests, Officer Poplin placed him under arrest and transported him to York County Central Booking where a blood draw ultimately yielded a .203 blood alcohol content (BAC).

Trial Court Opinion, 11/30/2018, at 2.

A jury trial took place on July 12, 2018. At trial, without objection, the Commonwealth submitted into evidence Shock's certified driving record. N.T. Trial, 7/12/2018, at 98. The record showed that, at the time of the incident, Shock's driver's license was suspended because of a previous DUI. *Id.* The record also demonstrated that the Pennsylvania Department of Transportation (PennDOT) mailed notice of the suspension to Shock on August 29, 2016, and that the suspension was for five years. *Id.* at 99. When offered the opportunity to cross-examine Officer Poplin with respect to the certified record, defense counsel declined. *Id.*

At trial, Shock took the stand in his own defense. *Id.* at 109-116. While Shock vigorously contested the Commonwealth's version of the events of July

7, 2017, at no point did he contend that he was unaware of the fact that PennDOT had suspended his driver's license. *Id.*

As noted above, the jury found Shock guilty of DUI and the trial court found him guilty of DUS and driving on roadways laned for traffic. Sentencing took place on August 28, 2018. At the sentencing hearing, the trial court specifically expressed its concern about Shock's lengthy history of motor vehicle violations and driving under suspension. N.T. Sentencing, 8/28/2018, at 6-7. In response, Shock did not claim that he was unaware of the suspension, but rather apologized and stated he did not have a good reason for his actions. *Id.* at 7. The Commonwealth placed on the record that this was Shock's fourth DUI and that PennDOT had designated him to be a habitual offender on August 18, 2015. *Id.* at 8-9. The trial court sentenced him to an aggregate sentence of 15¼ to 60 months' imprisonment. Shock did not file any post-sentence motions.

The instant, timely appeal followed. In response to the trial court's order, Shock filed a timely concise statement of errors complained of on appeal on October 22, 2018. The trial court issued an opinion on November 30, 2018.

On appeal, Shock claims that the evidence was insufficient to sustain his conviction for DUS because the Commonwealth failed to prove he had actual notice of the suspension. We disagree.

Our standard of review for a claim of insufficient evidence is as follows:

The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-970 (Pa. Super. 2018) (quotation marks and citations omitted). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

To sustain a conviction pursuant to 75 Pa.C.S.A. § 1543(b), the Commonwealth must prove that the defendant had actual notice that his license had been suspended or revoked. *Commonwealth v. Kane*, 333 A.2d 925 (Pa. 1975). Solely establishing that PennDOT mailed notice is insufficient to prove actual notice. *Id.* at 926. The Commonwealth has to establish actual notice, "which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Commonwealth v. Crockford*, 660 A.2d 1326, 1331 (Pa. Super. 1995), *appeal denied*, 670 A.2d 140 (Pa. 1995). Further, "notice is a

question of fact, and anything that proves knowledge or is legal evidence that knowledge exists can be sufficient." *Id.* at 1330. This Court has held that evidence of mailing of the notice paired with some other, additional evidence of knowledge is sufficient to show actual notice beyond a reasonable doubt. *Id.* at 1329. Our Supreme Court has discussed the factors we may look to in determining this issue as follows:

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995) (citation omitted).

Here, Shock's certified driving record shows that PennDOT had suspended his license nearly one year prior to the time of the traffic stop underlying this case. N.T. Trial, 7/12/2018, at 98-99, Exhibit 2. It also reflects that PennDOT sent the notice to Shock's address of record and the United States Postal Service (USPS) did not return the notice as undeliverable. *Id.* Moreover, the suspension was incurred because of a prior DUI; this was Shock's fourth conviction for DUI; he was still on probation and/or parole for

two prior DUI offenses at the time of the incident; and PennDOT had designated him as a habitual offender approximately two years prior to this incident. *See id.*; N.T. Sentencing, 8/28/2018, at 7-9, 12, 14-17. At trial, Shock never testified that he did not receive the notice, nor did he object to the admission of the certified driving record. Thus, this evidence coupled with the evidence of mailing establishes actual notice beyond a reasonable doubt. *See Zimmick*, *supra* at 1221. Shock's claim fails.

For all the foregoing reasons, we affirm Shock's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2019