J-A23019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.  :
:
:
:
LIZETTE TOLENTINO  :
:
Appellant  :   No. 1531 MDA 2023

Appeal from the Judgment of Sentence Entered October 2, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001724-2022

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:  **FILED: MARCH 10, 2025**

Appellant, Lizette Tolentino, appeals from the judgment of sentence

entered on October 2, 2023.  We vacate Appellant's judgment of sentence and

reverse her conviction.

The trial court ably summarized the underlying facts of this case:

> [During Appellant's bench trial, Lower Allen Township Police
> Officer Katie Justh testified that,] on March 4, 2022, on Route
> 15 in Cumberland County, she "observed a vehicle travel
> through one of [her department's] license plate readers and
> it showed a suspended registration," which prompted her to
> conduct a traffic stop of the vehicle, of which Appellant was
> the front-seat (and sole) passenger.  Officer Justh said she
> determined that Appellant was the registered owner of the
> vehicle and the vehicle record search she conducted showed
> that the vehicle's registration was actively suspended due to
> insurance cancellation, effective December 15, 2021.  The
> Commonwealth secured the admission of a certified copy of
> the [Pennsylvania Department of Transportation
> ("PennDOT")] vehicle record showing same.  Officer Justh
> said that when she explained to Appellant that the vehicle's
> registration was suspended for insurance cancellation,

Appellant and the driver "advised that they had insurance the whole time." Officer Justh said she received no answer when she asked the pair if they had switched insurance companies or "if they had moved" at some point. Officer Justh described Appellant's cooperation as follows:

> She wouldn't answer a lot of questions. I had asked her multiple times for her ID. She wasn't very cooperative, wouldn't answer questions. And then I found that she had several AOPC warrants for different traffic violations, and that's when I had asked other officers to come to my stop.

Officer Justh said that when other officers arrived, they asked Appellant to step out of her vehicle and "she would not comply," prompting officers to remove Appellant from the vehicle. The Commonwealth secured the admission of Officer Justh's bodycam video, which showed two other officers struggling to get Appellant handcuffed as Appellant shouted at them, to the point that the officers had to lower Appellant down to the ground to get her handcuffed.

Appellant testified that she had not been informed prior to the traffic stop that the vehicle's registration was suspended because she was "not the one in charge of the vehicle," and that she purchased the vehicle for the driver to run his small business and he was the one in charge of "maintaining the insurance and registration, inspection, oil changes," and otherwise "tak[ing] care of the truck." Appellant said there was never a lapse in the vehicle's insurance and that she switched from one insurance company to another, which she said she explained to officers during the stop. She said she showed one of the officers proof of insurance, and the "two different insurances that [they] switched from."

Trial Court Opinion, at 2-4 (footnotes omitted).

The trial court found Appellant guilty of violating the summary offense of operation following suspension of registration. **See** 75 Pa.C.S.A. § 1371. This crime is defined as:

No person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended.

75 Pa.C.S.A. § 1371(a).

On October 2, 2023, the trial court sentenced Appellant to pay a $200.00 fine. *See* Trial Court Sentence, 10/2/23, at 1. Appellant filed a timely notice of appeal. She numbers five claims on appeal:

[1.] Whether the evidence presented at trial was sufficient to find [Appellant] guilty of permitting a vehicle with a suspended registration to be operated, where the Commonwealth failed to establish that the Department of Transportation provided notice to [Appellant] that it had suspended the vehicle's registration?

[2.] Whether the evidence presented at trial was sufficient to find [Appellant] guilty of permitting a vehicle with a suspended registration to be operated, where the Commonwealth failed to establish that [Appellant] had any knowledge that the vehicle's registration had been suspended prior to her permitting another to operate the vehicle?

[3.] Whether the trial court committed an error of law by interpreting 75 Pa.C.S.A. § 1371 not to require that the Department of Transportation provide notice of suspended registration to the vehicle owner prior to the owner being convicted of a violation for permitting another person to operate the vehicle?

[4.] Whether the trial court committed an error of law by interpreting 75 Pa.C.S.A. § 1371 not to require that a vehicle owner have knowledge that her vehicle's registration has been suspended prior to being convicted of a violation for permitting another person to operate the vehicle?

[5.] Whether the trial court's interpretation of 75 Pa.C.S.A. § 1371 and guilty verdict based thereon violate [Appellant's] due process rights under the Pennsylvania and United States Constitution[s], as [] she was effectively deprived of any right to notice that her vehicle's registration had been suspended

- 3 -

prior to being convicted of a violation for permitting another person to operate the vehicle with a suspended registration?

Appellant's Brief at 6-7.

Essentially, Appellant claims that the evidence was insufficient to support her conviction for violating Section 1371 of the Vehicle Code, as there was no evidence she was ever notified that her vehicle's registration had been suspended. *Id.* at 13-38. The Commonwealth counters and argues that the plain language of Section 1371 does not require the Commonwealth to prove notice of a suspended registration and, regardless, "there was sufficient evidence presented for the trial court to conclude that PennDOT provided [Appellant] with notice of her suspended registration and that [Appellant] had knowledge of this suspension." *See* Commonwealth's Brief at 7-23.

We review Appellant's sufficiency of the evidence challenge under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

Appellant was convicted of violating Section 1371 of the Vehicle Code. This section declares:

> (a) General rule.--No person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended.
>
> (b) Penalty.--Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $100 nor more than $500. . . .

75 Pa.C.S.A. § 1371.

In *Commonwealth v. Akeley*, 320 A.3d 106 (Pa. Super. 2024), this Court held: 1) "notice that a vehicle's registration has been suspended is a necessary element that the Commonwealth must prove to convict an individual of driving with a suspended registration" under Section 1371; and 2) under the facts of *Akeley*, "the record [was] devoid of any evidence regarding whether [Mr. Akeley] received notice that the registration of his vehicle had been suspended prior to the date that he was pulled over and issued the citation." *Commonwealth v. Akeley*, 320 A.3d 106, 112-113 (Pa. Super. 2024). Thus, in *Akeley*, we vacated Mr. Akeley's judgment of sentence and reversed his conviction for violating Section 1371.

In *Akeley*, Mr. Akeley was driving his vehicle on December 30, 2022, when he was pulled over for having dark tinted windows. *Id.* at 109. During

the traffic stop, Mr. Akeley provided the officer "with an identification card but did not produce proof of his registration." *Id.* Further, during the stop, the officer "received documentation that [Mr. Akeley's] vehicle registration was suspended for failure to maintain insurance and the suspension was effective beginning on December 12, 2022." *Id.*

During Mr. Akeley's bench trial, the Commonwealth introduced the above evidence, as well as evidence from PennDOT demonstrating that Mr. Akeley owned the vehicle and that the registration for the vehicle was suspended effective December 12, 2022. The documentation from PennDOT did not, however, "indicate whether [Mr. Akeley] had been sent notice of his vehicle's suspension." *Id.*

The trial court found Mr. Akeley guilty of violating Section 1371 and, on appeal to this Court, Mr. Akeley raised claims that are substantially identical to those Appellant currently raises. Specifically, Mr. Akeley claimed on appeal that the evidence was insufficient to support his conviction for violating Section 1371, as the Commonwealth "failed to present any evidence to establish that [Mr. Akeley] had notice that his registration was suspended." *Id.* at 110. As in the case at bar, the Commonwealth argued in *Akeley* that notice is not a required element of driving with a suspended registration and that, at any rate, the Commonwealth proved Mr. Akeley knew his registration was suspended. *See id.*; *see also* Commonwealth's Brief in *Akeley*, 1165 WDA 2023, at 6-9.

Although the panel in **Akeley** acknowledged that Section 1371 "does not specify a notice requirement," the panel held:

> the offense of driving with a suspended registration prohibits an individual from driving a vehicle when a certain restriction has been imposed. Specifically, Section 1371 prohibits an individual from operating a vehicle when its registration has been suspended. In accordance with our case law interpreting Sections 1543 and 3808 [of the Vehicle Code], we hold that liability is created for the offense of driving with a suspended registration when a registrant chooses to drive a vehicle with awareness that the vehicle's registration is suspended. **Therefore, we conclude that notice that a vehicle's registration has been suspended is a necessary element that the Commonwealth must prove to convict an individual of driving with a suspended registration**.

**Akeley**, 320 A.3d at 112 (emphasis added) (some citations omitted).

The **Akeley** panel then considered "whether the Commonwealth presented sufficient evidence of notice in [its] case." **Id.** As the **Akeley** panel explained:

> "Notice is a question of fact, and anything that proves knowledge or is legal evidence showing knowledge exists can be sufficient." [**Commonwealth v. Crockford**, 660 A.2d 1326, 1330 (Pa. Super. 1995) (*en banc*)]. Actual notice "may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." **Id.** at 1330-31. "While [there is] no hard and fast rule as to the kinds of proof required to establish actual notice of suspension, . . . evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish actual notice beyond a reasonable doubt." **Id.** at 1329.
>
> Additionally, with respect to notice of a license suspension, our Supreme Court has stated:

Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995).

*Akeley*, 320 A.3d at 112-113.

The *Akeley* panel held the Commonwealth failed to present sufficient evidence that Mr. Akeley had notice his vehicle's registration was suspended, as: "[t]he Commonwealth did not present any documentation or testimony indicating that PennDOT mailed a notice of the registration suspension to [Mr. Akeley's] residence" and the officer "did not testify that [Mr. Akeley's] demeanor or statements during the traffic stop indicated that he was aware that his vehicle's registration was suspended." *Id.* at 113. With respect to the latter conclusion, the panel acknowledged that, at trial, the officer testified that Mr. Akeley "did not present proof of registration during the traffic stop." *See id.* The panel held, however, that "this fact alone, without more is insufficient to establish that [Mr. Akeley] had actual notice that his registration was suspended." *Id.*

*Akeley* controls this case and requires us to reach the same result. In accordance with *Akeley*, we must conclude: "notice that a vehicle's registration has been suspended is a necessary element that the Commonwealth must prove to convict an individual of driving with a suspended registration" under Section 1371. *Id.* at 112. Therefore, the only remaining question is whether the Commonwealth presented sufficient evidence that Appellant had actual notice her registration was suspended.

On appeal, the Commonwealth claims the evidence was sufficient to prove Appellant received actual notice that her registration was suspended because, in cases where there is a termination or cancellation of motor vehicle liability insurance coverage, 67 Pa. Code § 221.4 requires that PennDOT suspend the registration of a vehicle "**only after** sending the owner of the vehicle a written notice of suspension in the mail."[1] Commonwealth's Brief at 20 (emphasis in original). Because of this fact, the Commonwealth argues, the trial court "could deduce that proof of a suspended registration was

---

[1] 67 Pa. Code § 221.4 is entitled "suspension of vehicle registration" and provides:

> Upon failure of the owner to provide the Department with the required evidence of financial responsibility upon the termination or cancellation of motor vehicle liability insurance coverage, the Department will suspend the registration of the vehicle for which the owner has ceased to maintain financial responsibility after first giving the owner written notice. The written notice will be mailed to the owner at his last known address.

67 Pa. Code § 221.4.

sufficient proof that notice was mailed to [Appellant] and that [Appellant] is presumed to have had knowledge of the same." *Id.* In essence, the Commonwealth argues, proof of a suspended registration is, *ipso facto*, proof of notice. *Akeley's* holding does not support the Commonwealth's argument. In *Akeley* (as in the case at bar), the owner's registration was suspended for failure to maintain insurance and, in *Akeley*, this Court specifically held that proof of a suspended registration **was not** sufficient proof of notice. *See Akeley*, 320 A.3d at 113. Here, the record is devoid of any evidence that PennDOT mailed a notice of the registration suspension to Appellant's residence as required by 67 Pa. Code § 221.4.[2] *Id.* Moreover, although Appellant's conduct during the traffic stop was obdurate, neither her demeanor nor her statements during the stop specifically indicated that she was aware that her vehicle registration was suspended.[3] Thus, the

---

[2] We note that, under the current status of the law, there does not seem to be a mechanism by which direct proof of mailing of the registration suspension can be established. This Court in *Akeley* held that the mere proof of suspended registration was not sufficient proof of notice. *See Akeley*, 320 A.3d at 113. Instead, more is required. Yet, 67 Pa. Code § 221.4 does not provide for any proof of mailing – it merely provides that "written notice will be mailed to the owner at his last known address."

[3] We reject the Commonwealth's claim that, since Appellant "admitted that she switched insurance companies," this admission meant that "she was already aware of a potential period of non-coverage." *See* Commonwealth's Brief at 21. At the outset, Appellant's alleged "admission" does not prove she was aware of a lapse in her insurance coverage, as the Commonwealth did not introduce any evidence that there was such a lapse in her insurance coverage. Further, this evidence simply does not touch upon the dispositive

*(Footnote Continued Next Page)*

- 10 -

Commonwealth failed to present evidence to establish that Appellant had notice of the suspension of her vehicle's registration. As the evidence was insufficient to sustain Appellant's conviction under Section 1371, we are constrained to reverse Appellant's conviction for driving with a suspended registration and vacate the judgment of sentence.

Judgment of sentence vacated. Conviction reversed. Jurisdiction relinquished.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/10/2025

---

question in this case: whether Appellant had **actual notice** that her vehicle's **registration** was suspended.