J-S59041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL THOMPSON, | |
| Appellant | No. 160 EDA 2015 |

Appeal from the Judgment of Sentence October 27, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-SA-0003226-2014

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 19, 2016**

Appellant, Michael Thompson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. Appellant challenges the sufficiency of the evidence that he had actual notice of his license suspension. We affirm.

The trial court summarized the facts of this case as follows:

> On January 28, 2014, [Appellant] was operating his vehicle on the streets of Philadelphia when he was stopped for investigation by police. Officer Matthew Delaney issued [Appellant] a citation for driving with a suspended license[1] as a result of a DUI conviction within the Commonwealth of Pennsylvania.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(b)(1).

Trial Ct. Op., 1/19/15, at 1 (citation omitted). On August 19, 2014, Appellant filed notice of a summary appeal. A bench trial was held on September 19, 2014.

The Commonwealth introduced Appellant's PennDOT records, which indicated that "at the time of the stop he was suspended for DUI related." N.T., 9/19/14, at 6. The Commonwealth also introduced into evidence Appellant's "criminal extract showing that on [October[2]] 1st of 2013, he was sentenced for a DUI [ ], and with that DUI included a one-year driving suspension." *Id.*

Appellant testified as follows:

> [Counsel for Appellant]: [D]o you remember being pulled over by the police officer?
>
> A: Yes.
>
> Q: At the time did you know your license was suspended?
>
> A: No.
>
> Q: Now, you remember being charged with a DUI?
>
> A: Yes.
>
> Q: Have you ever been sentenced for DUI prior to this?
>
> A: Yes.

---

[2] We note the transcript indicated September. However, the court clerk clarified the discrepancy and informed the court that Appellant pleaded "guilty on September 10th and was sentenced on October 1st." *Id.* at 10.

Q: Now, when you were sentenced at your DUI, can you tell the judge, did they tell you that you were under suspension on that day?

A: No, they didn't.

Q: What did they tell you?

A: They said I would receive something in the mail.

Q: Did you ever receive something in the mail?

A: No.

Q: Now, in the past you were—you did have a prior DUI on your record, correct?

A: Yes.

Q: And you served a one-year suspension for that?

A: Yes.

Q: Did you receive something in the mail from PennDOT indicating that?

A: Yes.

Q: And when you received that information from PennDOT, what did you do?

A: Sent my license in.

*　　*　　*

Q: Now, when you were driving the vehicle on this day, did you know that you were under suspension?

A: No, I didn't.

Q: Can you tell the judge why you didn't know you were under suspension?

A: I didn't receive nothing in the mail. . . .

Q: And when you were stopped by the police officer, you handed him what would have been a valid driver's license?

A: Yes.

Q: As far as you were—

A: Yes.

*Id.* at 8-10.

On cross-examination, Appellant testified to the following:

[The Commonwealth]: You had a previous DUI prior to the negotiated guilty plea on September 10th of 2013?

A: Yes.

Q: And part of that sentence included a license suspension on your previous DUI, correct?

A: Yes.

Q: And you had an attorney for your second DUI, correct?

A: Yes.

Q: And that attorney advised you what a pleading guilty sentence would include, correct?

A: Yes.

Q: And you were sentenced in front of a judge, correct?

A: Yes.

Q: And that judge, on October 1st, 2013, sentenced you and told you what that would include, correct?

A: Yes.

Q: And your attorney advised you what the results of that sentence would be, correct?

A: Yes.

*Id.* at 11-12.

Defense counsel stated to the court:

At the sentencing date the judge sentences you. They tell you you're sentenced to a one-year license suspension.

Philadelphia County is one of the only counties that does not require the defendant to physically hand in his driver's license so the suspension starts that day. In Philadelphia, they are told—defendants are told they will receive a one-year license suspension. That license suspension notice comes in the form of a Notice of Suspension, which is sent from PennDOT.

According to his certified driving record[3] from the district attorney, the conviction date was September 10th, 2013. **Official notice mailed October 10th, 2013.** The effective date of the suspension, that's the date that he would technically start being suspended, he could legally drive up to that date, November 14th of 2013. [Appellant] was pulled over in January of 2014, about two months**.**

*Id.* at 12-13 (emphasis added).

The trial court found Appellant guilty. *Id.* at 17. On October 27, 2014, Appellant was sentenced to sixty days' imprisonment to be served on weekends. N.T. Sentencing Hr'g, 10/27/14, at 7. This appeal followed.

---

[3] We note that the driving record was not included in the certified record. However, Appellant does not dispute that the certified driving record indicated that the official notice was mailed on October 10, 2013.

Appellant was ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[4] The trial court filed a responsive opinion.

The trial court opined:

> Counsel for [Appellant] claims that [A]ppellant did not receive "ACTUAL NOTICE" of his license suspension (even though the certified driving record of [A]ppellant, introduced at trial, provides the date the notice was mailed and the effective date the suspension was to begin).

> \* \* \*

> In the instant case, [A]ppellant claims that the Commonwealth did not meet its burden of proof because it failed to establish that PennDOT sent the notice of suspension to the correct address or that he received the written notice. Appellant urges this [c]ourt, in essence, to find that absent such proof, the finder of fact cannot find that the accused had actual notice of his suspension. However, lack of evidence that a written notice of suspension was sent to a defendant's current address or received by the accused does not, as [A]ppellant suggests, demonstrate *per se* that a person did not have actual notice.

> For the [c]ourt to adopt this bold argument would require that a finder of fact literally ignore a wealth of other factors which may also serve to demonstrate that a defendant had actual notice of a license suspension, many of which are present in this case.

Trial Ct. Op. at 3-4 (citation omitted).

---

[4] The trial court noted that "[t]hereafter a timely concise Statement of Issues Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure was received by this [c]ourt, but do not appear of record on the current docket sheet." Trial Ct. Op. at 1-2. The Rule 1925(b) statement was attached to the trial court opinion in the certified record on appeal.

Appellant essentially raises a sufficiency of the evidence claim.[5] He contends the Commonwealth did not prove beyond a reasonable doubt that he had actual notice of the suspension of his driver's license.[6] We find no relief is due.

Our review is governed by the following principles:

> Our scope of review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence in the record, whether the trial court committed an error of law, and whether the

---

[5] Pa.R.A.P. 2116(a) provides in relevant part: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; *Commonwealth v. Lyons*, 833 A.2d 245 (Pa. Super. 2003).

*In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010); *see also* Pa.R.A.P. 2111. Instantly, Appellant does not have a statement of questions involved. Nevertheless, we decline to find waiver because Appellant's argument can be reasonably discerned from the section of his brief denominated "Discussion."

[6] We note that Appellant did not file a post sentence motion. In *Commonwealth v. McCurdy*, 943 A.2d 299 (Pa. Super. 2008), this court held that the

> [a]ppellant did not waive his sufficiency argument under Pa.R.A.P. 302(a) by failing to raise that issue in the court below. Pa.R.Crim.P. 606(A)(7) expressly provides that a challenge to the sufficiency of the evidence can be raised for the first time on appeal.

*Id.* at 301. Therefore, in the instant case, the issue is not waived. *See id.*

court's decision is a manifest abuse of discretion. In addition:

> [T]he standard applied in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. In addition, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Herb*, 852 A.2d 356, 360–61 (Pa. Super. 2004) (citations omitted).

Section 1543(b) of the Motor Vehicle Code provides as follows:

**(b) Certain offenses.**—

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension

for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S. § 1543(b)(1).

In order to sustain a conviction under 75 Pa.C.S.A. § 1543(b), the Commonwealth must prove that the defendant had actual notice that his license had been suspended or revoked. **Commonwealth v. Kane**, [ ] 333 A.2d 925 ([Pa.] 1975). Merely establishing that notice was mailed is not sufficient by itself to show actual notice. **Id.** 333 A.2d at 926. The Commonwealth must establish actual notice "which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." **Commonwealth v. Crockford**, [ ] 660 A.2d 1326, 1331 ([Pa. Super.] 1995).

**Commonwealth v. Vetrini**, 734 A.2d 404, 407 (Pa. Super. 1999).

In **Commonwealth v. Zimmick**, 653 A.2d 1217 (Pa. 1995), our Pennsylvania Supreme Court rejected the appellant's

claims that the Commonwealth did not meet its burden of proof because it failed to establish that PennDOT sent the notice of suspension to the correct address or that he received the written notice. [The a]ppellant urges this Court, in essence, to find that absent such proof, the finder of fact cannot find that the accused had actual notice of his suspension. However, **lack of evidence that a written notice of suspension was sent to a defendant's current address or received by the accused does not, as appellant suggests, demonstrate *per se* that a person did not have actual notice.** For the Court to adopt this bold argument would require that a finder of fact literally ignore a wealth of other factors which may also serve to demonstrate that a defendant had actual

- 9 -

notice of a license suspension, many of which are present in this case.

Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address . . . .

*Id.* at 1220-21 (emphasis added).

In the case at bar, Appellant conceded he had a previous DUI and that part of that sentence included a license suspension. N.T., 9/19/14, at 11. He admitted that when he was sentenced on the second DUI on October 1, 2013, he was represented by counsel who advised him "what a pleading guilty sentence would include." *Id.* In the instant case, Appellant's counsel stated to the court: "At the sentencing date the judge sentences you. They tell you you're sentenced to a one-year suspension." *Id.* at 12. Appellant's certified driving record indicated that official notice of his one-year suspension was mailed on October 10, 2013.

Appellant avers that he did not know he was under suspension because he did not receive any notice in the mail. He contends this demonstrates that he did not have actual notice. Our Pennsylvania Supreme Court has rejected this argument. *See Zimmick*, 653 A.2d at 1220-21. In the case *sub judice*, there was evidence of mailing coupled with additional

evidence of knowledge that establishes actual notice beyond a reasonable doubt. *See Vetrini*, 734 A.2d at 407. Therefore, there was sufficient evidence to find that Appellant violated Section 1543(b) of the Motor Vehicle Code. *See Herb*, 852 A.2d at 360-61. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016