J-S28039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               : PENNSYLVANIA
                                               :
                v.                             :
                                               :
                                               :
                                               :
GABRIEL TYLER WOOD              :
                                               :
            Appellant                       : No. 73 MDA 2020

Appeal from the Judgment of Sentence Entered May 28, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-SA-0000010-2019

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 01, 2020**

Gabriel Tyler Wood ("Wood") appeals from the judgment of sentence imposed following his conviction of driving while operating privilege is suspended or revoked.[1]  We affirm.

On October 16, 2018, at approximately 7:43 a.m., Pennsylvania State Trooper Jeffrey Black ("Trooper Black") was dispatched to a disabled vehicle, which was pulled over to the side of Exit 77, Linglestown Road, on Interstate 81.  When he arrived at the disabled vehicle, Trooper Black observed a single male individual standing near the vehicle.  Upon exiting his cruiser, and approaching the disabled vehicle, Trooper Black spoke with the man, who identified himself as Wood.  Wood told Trooper Black that he was driving to

_____

[1] 75 Pa.C.S.A. § 1543(a).

work when his vehicle broke down. After speaking with Wood, Trooper Black checked the vehicle's registration and Wood's driving history. Upon doing so, Trooper Black discovered that Wood's license had been suspended[2] and that Wood had no insurance. Trooper Black issued Wood citations for both driving while operating privilege is suspended or revoked and operation of a motor vehicle without required financial responsibility.[3]

On January 10, 2019, Wood appeared before a magisterial district judge and proceeded to a hearing on both citations. The magisterial district judge found Wood guilty of the above-mentioned offenses and sentenced him to 30 days in the Dauphin County Prison.

Wood filed a timely summary appeal to the Court of Common Pleas, challenging his conviction of driving while operating privilege is suspended or revoked. On May 28, 2019, the trial court conducted a trial *de novo*, during which Wood was represented by Elizabeth A. Close, Esquire ("Attorney

---

[2] Wood's certified driving record reveals that his driver's license was to be restored on June 27, 2016. *See* Commonwealth Exhibit 1 (Certified Driving Record), at 2. However, on June 25, 2016, Wood was charged with driving while operating privilege was suspended or revoked and an additional one-year suspension became effective on September 15, 2016. *Id.* Since that violation, Wood's driver's license has been continuously suspended through a series of four more incidents of driving while operating privilege is suspended or revoked, among other Motor Vehicle Code violations. *See id.* at 2-5. Wood's certified driving record indicates that, prior to the instant case, his license was suspended through October 5, 2021. *Id.* at 5.

[3] 75 Pa.C.S.A. § 1786(f).

Close"). The Commonwealth presented the testimony of Trooper Black and admitted Wood's certified driving record into evidence.

Wood presented the testimony of Hailey Mehaffie ("Mehaffie"), his then-girlfriend. Mehaffie testified that she, not Wood, was driving the vehicle that morning. Mehaffie stated that after the vehicle broke down, she called a friend to pick her up and left the scene because she was late for work.

Wood also testified on his own behalf. In his testimony, Wood confirmed that Mehaffie was driving the vehicle when it broke down, and that Mehaffie had a friend pick her up from that location. Wood testified that he called for a tow truck and elected to stay with the vehicle until the tow truck arrived. Wood agreed that, sometime after he had called for the tow truck, Trooper Black arrived on scene and issued the above-mentioned citations.

At the conclusion of the trial *de novo*, the trial court found Wood guilty of driving while operating privilege is suspended or revoked. On the same day, the trial court sentenced Wood to a period of 60 days to 6 months in the Dauphin County Prison, and ordered Wood to pay a fine of $1,000.00.

Wood, through Attorney Close, filed a Notice of Appeal on June 28, 2019. Attorney Close filed a Statement of Intent to file an **Anders**[4] Brief in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court declined to file a Pa.R.A.P. 1925(a) Opinion. On August

---

[4] **Anders v. California**, 386 U.S. 738 (1967).

16, 2019, in a *per curiam* Order, this Court quashed Wood's appeal as untimely filed.

Subsequently, on August 26, 2019, James J. Karl, Esquire, entered his appearance on behalf of Wood and timely filed a Petition for Relief pursuant to the Post Conviction Relief Act ("PCRA").[5] The PCRA Petition alleged that Attorney Close was *per se* ineffective for failing to file a timely notice of appeal for Wood. On December 30, 2019, the PCRA court granted the PCRA Petition and reinstated Wood's post-sentence motion and direct appeal rights, *nunc pro tunc*. After some deliberation, the trial court re-appointed the Dauphin County Public Defender's Office to represent Wood. Attorney Close re-entered her appearance on behalf of Wood and filed the instant timely Notice of Appeal.[6, 7]

---

[5] 42 Pa.C.S.A. §§ 9541-9546.

[6] Attorney Close did not file a post-sentence motion on Wood's behalf.

[7] On January 8, 2020, Attorney Close filed a Statement of Intent to file an **Anders** Brief in lieu of a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Close subsequently filed, in this Court, an **Anders** Brief and an Application to Withdraw as Counsel. During this Court's independent review of the record, we determined that a non-frivolous issue existed as to whether Wood had actual notice that his license was suspended. **Commonwealth v. Wood**, 73 MDA 2020 (Pa. Super. filed September 24, 2020) (unpublished memorandum at 11-12). We ordered Attorney Close to file either an appellate brief, or a new application to withdraw from representation and an **Anders** brief addressing this issue. **Id.** at 12. The parties supplemented the record with Wood's certified driving record. Additionally, Wood has filed an appellate brief with this Court.

Wood now presents the following claim for our review: "In a prosecution for driving under suspension, was not the evidence insufficient to sustain the conviction when the Commonwealth failed to prove that [Wood] had actual notice of the suspension?" Brief for Appellant at 4 (some capitalization omitted).

Wood argues that the Commonwealth failed to present sufficient evidence that Wood had actual notice of his license suspension. *Id.* at 15-17. Wood acknowledges that his driving record reveals that the Pennsylvania Department of Transportation ("PennDOT") mailed him a notice of license suspension. *Id.* at 21. However, Wood, relying on this Court's decision in *Commonwealth v. Crockford*, 660 A.2d 1326 (Pa. Super. 1995) (*en banc*), asserts that merely demonstrating that the notice of license suspension was mailed is insufficient to establish actual notice. Brief for Appellant at 16-18. Additionally, Wood asserts that the "rebuttable presumption" set forth in *Crockford*[8] is inapplicable to his case and, instead, this Court should view the "totality of the evidence." *Id.* at 20-21. Wood claims that the Commonwealth's only evidence is his certified driving record. *Id.* at 19. Wood acknowledges that he did not present a driver's license to Trooper Black, but contends that this is not dispositive of his claim, because the "Commonwealth

---

[8] In *Crockford*, this Court applied a rebuttable presumption analysis to determine whether the Commonwealth had proven beyond a reasonable doubt that the defendant had actual notice of his license suspension. *Crockford*, 660 A.2d at 1334.

- 5 -

… did not produce any evidence concerning [] Wood's possession or non-possession of a driver's license at the scene." ***Id.***

When examining a challenge to the sufficiency of the evidence, we adhere to the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

In order to establish a violation of driving while operating privilege is suspended or revoked, section 1543(a) of the Motor Vehicle Code provides that, "[e]xcept as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a

summary offense[.]" 75 Pa.C.S.A. § 1543(a). Additionally, the Commonwealth must demonstrate that the defendant had *actual notice* that his license was suspended or revoked. ***Commonwealth v. Baer***, 682 A.2d 802, 805 (Pa. Super. 1996); ***see also Commonwealth v. Kane***, 333 A.2d 925, 927 (Pa. 1975) (stating that it is necessary for the Commonwealth to prove that the accused had actual notice of suspension in order to sustain a conviction of driving while under suspension); ***Commonwealth v. McDonough***, 621 A.2d 569, 572 (Pa. 1993) (explaining that the ***Kane*** Court's holding applies to the current statute, 75 Pa.C.S.A. § 1543).

In determining what factors may be considered to determine whether an individual had actual notice of license suspension, our Supreme Court has stated the following:

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicated knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

***Commonwealth v. Zimmick***, 653 A.2d 1217, 1221 (Pa. 1995) (citation omitted); ***see also Kane***, 333 A.2d at 926 (stating that mailing the notice of suspension, without more, is insufficient to prove actual notice). Actual notice

- 7 -

"may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." ***Crockford***, 660 A.2d at 1330-31.

Here, at the trial *de novo*, Wood did not challenge whether the Commonwealth had presented sufficient evidence that Wood had actual notice of his license suspension. The Commonwealth presented a single piece of evidence regarding notice of Wood's suspension: his certified driving record. ***See*** N.T. (Summary Appeal), 5/28/19, at 9; ***see also*** Commonwealth Exhibit 1 (Certified Driving Record), at 5. Wood's certified driving record reveals a history of six license suspensions and indicates that all of the notices of suspension were mailed to Wood. ***See*** Commonwealth Exhibit 1 (Certified Driving Record), at 1-5; ***see also Commonwealth v. Harden***, 103 A.3d 107, 114 (Pa. Super. 2014) (stating that an appellant's history of suspensions for previous violations, as detailed in his driving record, supports an inference of actual knowledge of his license suspension). Additionally, Wood testified in his defense, and stated that he did not produce a driver's license to Trooper Black when requested. ***See*** N.T. (Summary Appeal), 5/28/19, at 25; ***see also Commonwealth v. Dietz***, 621 A.2d 160, 162-63 (Pa. Super. 1993) (holding that a defendant's failure to possess a current license at the time of the incident is presumptive knowledge of suspension); ***Harden***, 103 A.3d at 114-15 (stating that sufficient evidence of actual notice existed where the defendant "had a long history of license suspensions, [had] failed to present

a driver's license during the traffic stop" and the certified driving record reflected that notice of the driver's license suspension had been mailed to the defendant).

Evidence that PennDOT mailed the notice of suspension to Wood, together with the surrounding circumstances, is sufficient to establish that Wood had actual notice that his license was suspended. *See Smith*, *supra*; *Crockford*, 660 A.2d at 1330-31; *Harden*, 103 A.3d at 114-15. Accordingly, we cannot grant Wood relief on this claim.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Bowes concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2020