J-S32037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS M DOWER, JR. | : | |
| | : | |
| Appellant | : | No. 1598 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000129-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS M DOWER, JR. | : | |
| | : | |
| Appellant | : | No. 1599 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000352-2024

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED: JANUARY 29, 2026**

Thomas M. Dower ("Appellant") appeals from the judgments of sentence entered by the Court of Common Pleas of Schuylkill County after he was convicted on two separate dockets of Driving While Operating Privilege Suspended – DUI related (75 Pa.C.S.A. § 1543(b)) and other related charges.

_____

[*] Former Justice specially assigned to the Superior Court.

Defense counsel has filed an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant Counsel permission to withdraw.

Under Docket 129-2024, Appellant was charged with driving under suspension pursuant to Section 1543(b) in connection with a November 20, 2023 motor vehicle accident. Under Docket 352-2024, Appellant was charged with another Section 1543(b) violation as well as Vehicle Registration Suspended, and Operating Vehicle Without Required Financial Responsibility after a vehicle stop on January 5, 2024. The criminal informations in each case notified Appellant that both charges of driving under suspension qualified as third or subsequent violations of Section 1543(b) which would allow each offense to be graded as a third-degree misdemeanor.

*Factual Background for Docket 129-2024*

At Docket 129-2024, Appellant proceeded to a jury trial held on September 20, 2024. John DiBaggio testified that on November 20, 2023, he was driving his car into the parking lot of the Mahanoy City Food Store when his vehicle was hit by a Jeep Cherokee. Notes of Testimony (N.T.), Trial, 12/20/24, at 36. After the two drivers pulled into the parking lot, DiBaggio approached the Jeep and asked the other driver for his license, registration, and insurance. *Id.* at 36-38. DiBaggio indicated that the other driver told him, "don't call the cops; wait until I get another driver." *Id.* at 38. As DiBaggio found this response to be "crazy," DiBaggio told the other driver that he would not do that and began to call 9-1-1. *Id.*

DiBaggio recalled that before the collision, he had observed the other driver talking to a woman while he was parked in front of the food store. *Id.* at 40. DiBaggio indicated that after the collision, the same woman came back to the other driver and initiated a conversation. *Id.* at 41. DiBaggio then saw the other driver walk behind the food store; DiBaggio indicated that the other driver did not return to the scene. *Id.* at 39, 41-43.

Shortly thereafter, Mahanoy City Police Officer Derek Weicikosky arrived on the scene and interviewed DiBaggio about the accident. *Id.* at 41, 73-75. The woman that DiBaggio saw conversing with the other driver subsequently approached and gave DiBaggio a registration card and insurance for the Jeep. *Id.* at 41. This woman, who was identified as Megan Buhl, was listed on the registration card along with Appellant as the owners of the Jeep. *Id.* at 75.

As Officer Weicikosky was speaking with DiBaggio and Buhl, another man walked from behind the food store, approached the group, identified himself as Vanardi Legrand, Jr., and claimed he was the driver of the Jeep in the collision. *Id.* at 77-78. DiBaggio immediately told Officer Weicikosky that Legrand was not the driver of the Jeep that hit his vehicle. *Id.* at 43, 78. When Officer Weicikosky advised Legrand that it was a crime to give a false report to an officer, Legrand admitted that he was not driving the vehicle at the time of the collision. *Id.* at 78-79. Officer Weicikosky testified that neither Legrand nor Buhl identified the driver as any other individual. *Id.* at 79.

At Appellant's trial, DiBaggio identified Appellant as the driver of the Jeep involved in the November 20, 2023 accident. *Id.* at 39. The prosecution

- 3 -

also offered the testimony of Legrand, who pled guilty to making a false police report in connection with this incident. *Id.* at 49-50. Legrand, who had known Appellant and Buhl for several years before the accident, shared that Buhl asked him to move Appellant's car from the accident scene to Appellant's house. *Id.* at 50-52. Legrand admitted he lied to the police when he said that he had been driving the Jeep at the time of the accident as Legrand actually did not know who was driving it. *Id.*

The prosecution also called Buhl as a witness at Appellant's trial. Buhl indicated that she was Appellant's girlfriend at the time of the accident and the couple had jointly owned the Jeep Cherokee. *Id.* at 60. Buhl asserted that Appellant was not driving the Jeep at the time of the accident, but instead she was in the Jeep with her ex-boyfriend, Charles Fetterolf, who was driving. *Id.* at 61. Buhl conceded that she never told Officer Weicikosky that Fetterolf was driving the Jeep when Officer Weicikosky was seeking to find out who was responsible for the accident. *Id.* at 65-66. Buhl denied calling Legrand to tell him to move the vehicle from the accident scene. *Id.*

Officer Weicikosky testified that he consulted Appellant's certified driver history record to confirm Appellant's driving privileges were under suspension (DUI related) at the time of the November 20, 2023 accident. *Id.* at 79-82. Officer Weicikosky testified that the certified driver history documented that Appellant had two prior convictions for driving with a suspended license (DUI related) on April 16, 1998 and July 13, 2023. *Id.* at 82. Further, Officer Weicikosky noted that the certified driving record stated that official notice of

- 4 -

Appellant's most recent suspension was sent to Appellant on July 25, 2023. *Id.* Officer Weicikosky asserted that the certified driving record shows that Appellant's driving privileges had not been restored at the time of the November 20, 2023 accident. *Id.* at 83.

At the conclusion of the trial, Appellant was convicted of driving on a suspended license under Section 1543(b). Without objection from either party, the trial court allowed the jury to decide whether Appellant had any prior convictions for driving on a suspended license under Section 1543(b) when he committed the offense at this docket. The jury specifically found Appellant had two prior Section 1543(b) convictions. Sentencing was deferred so that the trial court could hold a joint hearing on both dockets.

*Factual Background for Docket 352-2024*

At Docket 352-2024, Appellant proceeded to a jury trial held on September 12, 2024. The Commonwealth presented the testimony of Officer Christopher Demmick who is currently the Chief of Police of the East Union Township Police Department but was employed as a patrolman for the Mahanoy City Police Department on January 5, 2024. N.T. Trial, 9/12/24, at 32-33. Officer Demmick testified that on January 5, 2024, he conducted a traffic stop of Appellant's Chevrolet Camaro which had no valid registration. *Id.* at 34. Officer Demmick's body camera footage documenting this stop was presented as evidence at Appellant's trial. *Id.* at 35-36, 41.

Officer Demmick indicated that Appellant was unable to produce a driver's license, registration, or auto insurance during the stop. *Id.* at 36.

Officer Demmick recognized Appellant and knew he did not have a driver's license; the police dispatcher relayed to him that Appellant's suspension was DUI related. *Id.* at 37. During the stop, Appellant admitted that he did not have a driver's license. *Id.* The prosecution again admitted Appellant's certified driving record as an exhibit at trial. *Id.* at 37-41.

At Docket 352-2024, Appellant was convicted of another count of driving on a suspended license under Section 1543(b) along with Vehicle Registration Suspended and Operating Vehicle Without Required Financial Responsibility. The parties again did not object to the trial court's decision to allow the jury to determine whether Appellant had any prior Section 1543 convictions. The jury specifically found that Appellant had two prior Section 1543 convictions when he committed the offense at this docket.

*Consolidation of Appellant's Cases*

On October 22, 2024, the trial court held a sentencing hearing for the convictions on both dockets. The trial court imposed two consecutive terms of six to twelve months' imprisonment for Appellant's convictions, which were graded as third-degree misdemeanors under Section 1543(b)(1)(iii) as well as fines and costs on all four of his convictions.

On October 30, 2024, Appellant filed a notice of appeal at each docket. On December 12, 2024, this Court consolidated the cases *sua sponte* pursuant to Pa.R.A.P. 513. Thereafter, Appellant's counsel, Kent D. Watkins, Esq. ("Counsel" or Attorney Watkins") filed a petition to withdraw along with an **Anders** brief. Appellant subsequently filed a *pro se* response, raising multiple

claims of ineffectiveness of counsel, challenging the discretionary aspects of his sentence, and contesting the revocation of his bail pending appeal.[1]

In circumstances where counsel has filed an *Anders* brief and the appellant has filed a *pro se* or counseled response, we first evaluate counsel's request to withdraw to determine whether counsel has complied with the procedures set forth in *Anders* and its progeny. *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa.Super. 2015) (delineating review process where counsel has sought to withdraw under *Anders* and the appellant files a *pro se* response). If counsel has complied with *Anders*, we address the issues raised in the *Anders* brief. *Id.* at 333. If we determine those issues have no merit, we then examine the appellant's *pro se* allegations and treat Appellant's *pro se* response as an advocate's brief. *Id.* As such, we are mindful that "[this] Court is limited to examining only those issues raised and developed in the brief. We do not act as, and are forbidden from acting as, appellant's counsel."[2] *Id.*

---

[1] When Appellant submitted a *pro se* request to file a *pro se* response to the *Anders* brief, this Court mistakenly entered a *per curiam* order indicating this *pro se* request would not be filed but instead forwarded to counsel. Given that Appellant was entitled to file a *pro se* response to the *Anders* brief, we remanded to allow Appellant to do so. *See Commonwealth v. Santiago*, 602 Pa. 159, 179, 978 A.2d 349, 361 (2009) (upon the filing of a petition to withdraw by counsel pursuant to *Anders*, "the defendant may also file a brief, proceeding *pro se,* to the extent that he has issues or other matters for the court to consider and/or a response to make to counsel's brief").

[2] Where an appellant does not file a response to an *Anders* brief, this Court conducts a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel may have been overlooked. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018).

We thus begin with Counsel's petition to withdraw and **Anders** brief. Our Supreme Court has set forth substantive requirements for counsel's **Anders** brief, which must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." **Commonwealth v. Santiago**, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009)). Therefore, a fully compliant **Anders** brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

Counsel has averred that this appeal is frivolous in both his petition to withdraw and **Anders** brief. Our review confirms that the **Anders** brief submitted provides a summary of the factual and procedural history of this case and explains why Counsel believes the appeal is frivolous based on applicable law. Counsel sent Appellant a letter dated June 16, 2025 advising Appellant of his right to retain alternative counsel or raise supplemental arguments on his own that Appellant deemed worthy of this Court's attention.

Based upon the foregoing, we conclude that Counsel complied with the procedural requirements attendant to **Anders**. Therefore, we proceed to review the merits of the issues raised in Counsel's brief, which contains two challenges to the sufficiency of the evidence supporting Appellant's convictions under Section 1543(b) of the Vehicle Code.

Our review of a challenge to the sufficiency of the evidence is guided by the following standard of review:

Our applicable standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, was sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. Additionally, when examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.

This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

*Commonwealth v. Rodriguez*, 340 A.3d 334, 347 (Pa.Super. 2025) (citation omitted).

Appellant was convicted of violating Section 1543(b) of the Vehicle Code, which provides in relevant part:

(i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be

sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

\*\*\*

(iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S.A. § 1543(i), (iii).[3]

In the **Anders** brief, Counsel discusses whether there was insufficient evidence to show Appellant had actual notice of his DUI related license suspension necessary for his convictions. This Court has provided that:

> [i]n order to sustain a conviction under 75 Pa.C.S.A. § 1543(b), the Commonwealth must prove that the defendant had actual notice that his license had been suspended or revoked. **Commonwealth v. Kane**, 460 Pa. 582, 333 A.2d 925 (1975). Merely establishing that notice was mailed is not sufficient by itself to show actual notice. **Id**. 333 A.2d at 926. The Commonwealth must establish actual notice "which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." **Commonwealth v. Crockford**, 443 Pa.Super. 23, 660 A.2d 1326, 1331 (1995).

_____

[3] Section 1543(b)(2) also explains that

> [t]his subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). This provision shall also apply until the person has had the operating privilege restored. This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3802[.] …

75 Pa.C.S.A. § 1543.

Moreover, "[n]otice is a question of fact, and anything that proves knowledge or is legal evidence showing that knowledge exists can be sufficient." *Id*. at 1330. There are no bright line tests as to what kind of proof is required to show actual notice; however, this Court has indicated that evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish actual notice beyond a reasonable doubt. *Id*. at 1329.

*Commonwealth v. Vetrini*, 734 A.2d 404, 407 (Pa.Super. 1999).

In *Commonwealth v. Zimmick*, 539 Pa. 548, 653 A.2d 1217 (1995), our Supreme Court set forth examples of evidence that can be considered in determining whether a defendant had actual notice of license suspension:

Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Id.* at 555-56, 653 A.2d at 1221. In *Commonwealth v. Dietz*, 621 A.2d 160, 162 (Pa.Super. 1993), this Court found that the defendant's behavior in leaving the scene of an automobile wreck and attempting to mislead investigators as to the identity of the driver was evidence that the defendant had actual notice of the suspension of his driver's operating privileges.

We review the sufficiency challenges to his Section 1543 convictions on each docket separately. With respect to Appellant's conviction at docket 129-2024, Appellant does not argue that the Commonwealth failed to show that

he caused the November 20, 2023 collision and fled the scene. In the **Anders** brief, Counsel limited the sufficiency claim to question whether Appellant had notice that his license was suspended at the time of the accident.

We agree with Counsel that it is frivolous to suggest that Appellant did not have actual notice that his license was suspended. The prosecution presented Appellant's certified driving record to demonstrate that his license was suspended during the relevant time period and the fact that notice was mailed to Appellant of his most recent suspension on July 13, 2023. In addition, circumstantial evidence showed Appellant knew his license was suspended given his decision to leave the accident site before police arrived and his attempts to enlist others to conceal his identity as the driver of the vehicle that caused the accident. DiBaggio, the driver of the vehicle Appellant hit, testified that Appellant asked him to wait to call police until he found another driver. The trial court found Appellant's "hurry to leave [was] understandable, given his long-term lack of driving privileges." T.C.O. at 10. Legrand testified that Appellant's girlfriend asked him to move Appellant's vehicle from the accident scene; Legrand admitted lying to police to cover up the identity of the driver of the car. All of this conduct was relevant to show Appellant's knowledge of the suspension of his license or awareness of guilt.

Similarly, with respect to Appellant's conviction at docket 352-2024, the prosecution met its burden to prove Appellant was aware of his driving suspension. The prosecution again presented Appellant's certified driving record, which showed Appellant's license was suspended at the time of the

traffic stop in question and he was sent notice of this suspension. At that docket, Appellant was subjected to a traffic stop in which the arresting officer observed Appellant driving his vehicle without valid registration. During the stop, Appellant could not produce a driver's license, vehicle registration, or car insurance; Appellant expressly admitted that he did not have a driver's license. *See Dietz*, 621 A.2d at 162-63 (holding driver's failure to produce a driver's license is presumptive knowledge of suspension). We thus agree that this claim does not entitle Appellant to relief.

In addition, Counsel also reviewed Appellant's contention that that the Commonwealth failed to provide sufficient evidence to allow the jury to find beyond a reasonable doubt that Appellant had two prior convictions under Section 1543(b), such that the instant offense could be graded as third-degree misdemeanor under Section 1543(b)(1)(iii). Specifically, Appellant contends that the Commonwealth was required to provide certified copies of his prior convictions to prove he had two prior Section 1543 convictions.

Neither the trial court nor either party recognized that the Commonwealth was not required to prove Appellant's prior convictions beyond a reasonable doubt before a jury. The issue of whether Appellant had prior Section 1543(b) convictions was not a substantive element of the offense in Section 1543(b)(i) (Driving on a Suspended License – DUI related) but was relevant to determine the applicability of the recidivist sentencing enhancement set forth in Section 1543(b)(1)(iii).

A prior conviction constitutes a narrow exception to the general rule that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) ("[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added).

Our Supreme Court has found that the *Apprendi* decision and subsequent federal precedent has consistently reaffirmed the 'prior conviction' exception to the general rule that requires a jury to determine beyond a reasonable doubt, any facts that increase the prescribed ranges of penalties to which a criminal defendant is exposed. *See Commonwealth v. Shifflett*, 335 A.3d 1158, 1166-68 (Pa. 2025) (citing cases); *Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800 (Pa.Super. 2004)). Our Supreme Court has recognized that in circumstances where the relevant "judicial finding is the fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record." *Aponte*, 579 Pa. at 264, 855 A.2d at 811.

On both dockets, the Commonwealth properly demonstrated through Appellant's certified driving record that he had two prior convictions for driving under suspension pursuant to Section 1543(b). As such, Appellant is not

entitled to relief on this claim. We thus agree that the issues raised in counsel's *Anders* brief are frivolous.

We now examine Appellant's numerous *pro se* allegations. First, Appellant argues that Counsel was ineffective in failing to challenge the accuracy of his certified driving record, argue mitigating factors for sentencing, and properly consult with Appellant during the appeal process.

Our Supreme Court has consistently reaffirmed the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 621 Pa. 595, 620, 79 A.3d 562, 576 (2013) (reaffirming *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002)).

However, our Supreme Court has recognized limited circumstances under which ineffectiveness claims can be raised in a post-sentence motion and on direct appeal. The first exception applies to extraordinary circumstances in which "the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." *Commonwealth v. Delgros,* 646 Pa. 27, 31, 183 A.3d 352, 355 (2018) (citing *Holmes*, 621 Pa. 595, 79 A.3d 562, 563–64)). The second exception applies "where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence." *Delgros*, 646 Pa. at 31, 183 A.3d at 355 (citing *Holmes*, 621 Pa. 595, 79 A.3d 562, 563–64)). The third

exception allows "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d 361.

Appellant raises boilerplate, undeveloped claims of ineffectiveness. He does not attempt to invoke one of the aforementioned exceptions to allow this Court to review his ineffectiveness claims on direct appeal. Appellant does not allege that Counsel's ineffectiveness is apparent from the record and has not expressly waived his right to PCRA review. Further, Appellant is not statutorily barred from seeking PCRA relief. Therefore, Appellant's ineffectiveness claims cannot be considered on direct appeal.

Appellant also claims that the trial court erred in imposing consecutive sentences and failing to consider the required statutory factors and certain mitigating circumstances. Although Appellant characterizes these arguments as challenges to the legality of sentence, such issues actually challenge the discretionary aspects of sentence.

However, Appellant never preserved any of these arguments before the trial court at sentencing or in a timely post-sentence motion. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Perzel***, 291 A.3d 38, 47 (Pa.Super. 2023) (quoting ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012) (citations omitted)). As such, these claims are waived.

- 16 -

Lastly, Appellant challenges the trial court's decision to revoke his bail pending appeal. A brief summary of the underlying factual background is necessary to review this claim.

After the appeals were filed in the instant cases, Appellant filed a counseled motion in the trial court for bail pending appeal pursuant to Pa.R.A.P. 1762(a), which the trial court granted on December 23, 2024.[4] However, on April 8, 2025, while still on bail, Appellant was arrested and charged with another Section 1543 violation after officers found him driving his motorcycle with a female passenger at 2:18 a.m.

On May 16, 2025, the Commonwealth filed a motion to revoke bail in the instant cases as it asserted that Appellant's new charge should be deemed to be a bail violation. After a hearing held on May 23, 2025, the trial court revoked Appellant's bail and remanded him to the Schuylkill County Prison pending further court action. Thereafter, Counsel filed his **_Anders_** brief and petition to withdraw. Appellant filed a *pro se* motion for reconsideration of the denial of bail pending appeal in this case, which the trial court denied.

_____

[4] Rule 1762 provides that:

> **(a) Bail when an appeal is pending**--Applications relating to bail when an appeal is pending shall ordinarily first be presented to the trial court and shall be governed by the Pennsylvania Rules of Criminal Procedure. If the trial court denies relief, a party may seek relief in the appellate court by filing an application, pursuant to Pa.R.A.P. 123, ancillary to the pending appeal.

Pa.R.A.P. 1762(a).

On October 29, 2025, Appellant filed a *pro se* application for bail pending appeal in this Court, in which he contended that he was denied counsel at his May 23, 2025 bail revocation hearing as Counsel (Attorney Watkins) did not appear. Appellant argued that he had been denied his right to counsel at a critical stage of his proceedings.

On November 5, 2025, this Court entered an order remanding these matters back to the trial court to evaluate whether Appellant was represented by counsel at the May 23, 2025 bail revocation hearing. See ***Commonwealth v. Padilla***, 22 Pa. 449, 475, 80 A.3d 1238, 1253 (2013) (quoting ***Rothgery v. Gillespie County,*** 554 U.S. 191, 212, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008) ("[o]nce attachment of the Sixth Amendment right to counsel has occurred, 'the accused at least is entitled to the presence of appointed counsel during any 'critical stage' of the post[-]attachment proceedings'").

On November 14, 2025, the trial court submitted a supplemental opinion indicating that Appellant had been represented by Ashley M. Sabol, Esq. at the May 23, 2025 hearing and submitted the transcript from this hearing to confirm this finding.

On appeal, Appellant claims it was improper for the trial court to revoke his bail as he did not pose a flight risk or a threat to the community. Our rules of criminal procedure set forth mandatory conditions as follows:

> (A) In every case in which a defendant is released on bail, the conditions of the bail bond shall be that the defendant will:
>
> > (1) appear at all times required until full and final disposition of the case;

(2) obey all further orders of the bail authority;

(3) give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change;

(4) neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. §§ 4952, 4953; and

(5) *refrain from criminal activity*.

Pa.R.Crim.P. 524(a) (emphasis added). Further, Rule 536 provides that "[a] person who violates a condition of the bail bond is subject to a revocation of release and/or a change in the conditions of the bail bond by the bail authority." Pa.R.Crim.P. 536(A)(1)(a)-(b).

Given that Appellant violated a bail condition by failing to refrain from criminal activity and accruing yet another Section 1543 violation during the pendency of these appeals, the trial court was authorized to revoke his bail in the instant cases. In light of our decision in this matter, we deny Appellant's application for bail pending appeal as moot. Further, we also deny Appellant's motion to consolidate the instant cases with an appeal of a third appeal (CP-54-CR-0000051-2025) involving another conviction of Driving While Operating Privilege Suspended – DUI related (75 Pa.C.S.A. § 1543(b)).

Judgment of sentence affirmed. Counsel's petition to withdraw is granted. Appellant's motion for consolidation is denied. Appellant's application for bail pending appeal is denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/29/2026